IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00459-PAB-MEH

JABARI J. JOHNSON,

     Plaintiff,

v.

REYNA, and
KORIN,

     Defendants.

---

## ORDER

---

     This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 29]. The recommendation addresses plaintiff Jabari J. Johnson's ("Johnson") complaint, Docket No. 1, and the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) filed by defendants Joaquin Reyna ("Reyna") and Brett Corbin ("Corbin").[1] Docket No. 25. Because Mr. Johnson is *pro se*, the Court construes his filings liberally without serving as his advocate. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[2]

     On May 3, 2018, between approximately 9:30 a.m. and 10:30 a.m., Mr. Johnson,

---

[1] The magistrate judge noted that Mr. Johnson has misspelled Corbin's name; however, the recommendation used the correct spelling. Docket No. 29 at 1 n.1.

[2] The Court assumes that the allegations in the complaint are true in considering the motion to dismiss.

a prisoner at the Limon Correctional Facility of the Colorado Department of Corrections, was asked by his case manager, "Humphrey" to "retrieve" prior grievances from Humphrey's office.  Docket No. 1 at 4.  Staff escorted Mr. Johnson to Humphrey's office, and Humphrey began questioning Mr. Johnson about his lawsuits.  *Id.*  Mr. Johnson indicated that he wished to discuss the "next step grievances," at which point Humphrey became irate.  *Id.*  Humphrey stated that, if Mr. Johnson would not answer his questions, Mr. Johnson could leave.  *Id.*  When Mr. Johnson indicated that he would leave, Humphrey ordered him to "cuff up," at which point Mr. Johnson was detained, even though he posed no threat and had not committed a "COPD violation."  *Id.*

Defendants arrived at Humphrey's office to escort Mr. Johnson back to his cell; however, while en route, Mr. Johnson was placed on the "outer area of the glass," and staff decided to apply leg restraints.  *Id.*  As the restraints were being applied, Sergeant Reyna placed his foot on Mr. Johnson's "untreated right foot," causing pain.  *Id.* at 5.  Mr. Johnson asked Sergeant Reyna to remove his foot, but Sergeant Reyna refused until Mr. Johnson was shackled.  *Id.*  Staff then pushed Mr. Johnson faster than he was able to walk due to his shackles and injured right foot.  *Id.*  As Mr. Johnson was attempting to walk up the staircase, Sergeant Reyna and staff "slam[med]" Mr. Johnson on his "untreated fractured jaw," causing "excruciating pain."  *Id.*  Staff, however, ignored Mr. Johnson's pleas for medical attention and dragged him 15 to 20 feet away from the staircase.  *Id.*  As a result of Mr. Johnson's treatment, he suffers "major depression/anxiety."  *Id.* at 8.

Mr. Johnson brings this Eighth Amendment claim against defendants in their

individual and official capacities, *id.* at 3, and seeks $750,000 in both compensatory and punitive damages from both defendants.  *Id.* at 25.  Defendants moved to dismiss Mr. Johnson's lawsuit under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  Docket No. 25.  Defendants argue that Mr. Johnson's requests for money damages are barred by the Prison Litigation Reform Act's ("PLRA") physical injury requirement.  *Id.* at 5–8.  Defendants also argue that Mr. Johnson's official-capacity claims against defendants are barred by the Eleventh Amendment.  *Id.* at 8–10.

Magistrate Judge Michael E. Hegarty issued a recommendation on the motion to dismiss on November 23, 2020.  Docket No. 29.  The magistrate judge recommends granting defendants' motion, dismissing Mr. Johnson's official-capacity claims for damages without prejudice under Rule 12(b)(1) and dismissing his individual-capacity claims with prejudice under Rule 12(b)(6).  Docket No. 29 at 11.  Mr. Johnson filed objections on December 14, 2020.  Docket No. 35.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

### A.  Lack of Subject Matter Jurisdiction

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint.  Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).  When resolving a facial attack on the allegations of subject matter jurisdiction, the court "must accept the allegations in the complaint as true."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  To the extent a defendant attacks the factual basis for subject matter jurisdiction, the court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."  *SK Finance SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir.

1997).  "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances."  *Id.*  Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because she is "the party asserting jurisdiction."  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

### B.  Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Ins.*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)); *see also Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (stating that a court "need not accept [] conclusory allegations").  "[W]here

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim*. Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III.  ANALYSIS

### A.  Timeliness

The Tenth Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *2121 East 30th St.*, 73 F.3d at 1060.  The magistrate judge's recommendation was dated November 23, 2020, making any objection due on December 10, 2020.[3]  Docket No. 285 at 11.  Mr. Johnson's objections were docketed December 14, 2020, Docket No. 35, and are thus untimely unless they were mailed in

---

[3] Under Fed. R. Civ. P. 5(b)(2)(C), when service of a paper is by mail, service is completed upon mailing.  When a party must act within a specified time after being served and service is made by mail, three days are added after the period would otherwise expire.  Fed. R. Civ. P. 6(d).

compliance with the prison mailbox rule.  The prison mailbox rule states that a document is considered timely if given to prison officials prior to the filing deadline, regardless of when the Court receives the documents.  *Price v. Philpot*, 420 F.3d 1158, 1164-67 (10th Cir. 2005)*; see also Green v. Snyder*, 525 F. App'x. 726, 729 (10th Cir. 2013) (unpublished) (finding objections untimely where the prisoner's certificate of mailing did not comply with the prison mailbox rule).  To gain the benefit of the prison mailbox rule, a party must either (1) use the legal mail system or (2) attach a notarized statement or a declaration compliant with 28 U.S.C. § 1746 stating the date the filing was given to prison officials and stating that the filing had pre-paid, first-class postage. *Philpot*, 420 F.3d at 1166.  The envelope is marked as being sent December 9, 2020; however, Mr. Johnson's objections are dated December 6, 2020, and the Department of Corrections's stamp indicates that it was received by prison officials on that date. Docket No. 35 at 3. Therefore, because Mr. Johnson used the prison legal mail system and gave the objections to officials before December 7, 2020, his objections were timely.

### B.  Subject Matter Jurisdiction

Magistrate Judge Hegarty recommends dismissing Mr. Johnson's official capacity claims without prejudice.  Docket No. 29 at 6.  Specifically, the magistrate judge concluded that Mr. Johnson seeks monetary compensation from both of the defendants and is suing them in their official and individual capacities.  *Id.* at 7 (citing Docket No. 1 at 25, 3).  The magistrate judge also found that, because the defendants are state officials, the Court must treat a suit against them as a suit against the state

itself.  *Id.* (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State.")).  Because the Eleventh Amendment bars suits against the state for damages, the magistrate judge concluded that Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction."  *Id.* (quoting *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000)).

In response, Mr. Johnson argues that the Court is to accept as true all allegations in his complaint at the motion to dismiss stage and that the Court has discretion to consider affidavits and other documents and hold an evidentiary hearing. Docket No. 35 at 1.  Because the Court has not done so, Mr. Johnson states that his case cannot be dismissed.  *Id.*  To begin, the Court notes that Mr. Johnson's objection does not contradict the magistrate judge's conclusion that subject matter jurisdiction must be determined "from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction," Docket No. 29 at 3 (quoting *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971)); *see also Erikson v. BP Expl. & Prod. Inc.*, 567 F. App'x 637, 639 (10th Cir. 2014) (unpublished) (holding that the district court did not err in "failing to consider the materials" that a pro se litigant "attached to his response in opposition" to a motion to dismiss).

While Mr. Johnson is mostly correct that, "[i]n reviewing a facial attack on the complaint[,] the Court must accept the allegations in the complaint as true," Docket No. 35 at 1, a plaintiff's complaint must still allege sufficient facts that, if taken as true, would establish subject matter jurisdiction.  This is because the "sufficiency of a

complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Moreover, the Court need not accept as true any conclusory allegations. *See Cory*, 584 F.3d at 1244 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)); *see also Moffet*, 291 F.3d at 1231 (stating that a court "need not accept [] conclusory allegations"). The Court therefore overrules this objection.

Mr. Johnson's second objection is that defendants are not entitled to sovereign immunity because "defendants are being sued in their individual capacity for monetary damages and for injunctive relief the defendants are being sued in their individual capacity." Docket No. 35 at 1. Mr. Johnson, however, demands damages from the defendants, Docket No. 1 at 25, and is suing defendants in both capacities. *Id.* at 3. Mr. Johnson does not appear to dispute this in his objection. *See* Docket No. 29. This objection – that a plaintiff, in one suit, may seek an injunction for the official-capacity claims and damages for the individual-capacity claims – also does not contradict the magistrate judge's conclusion that the court does not have subject matter jurisdiction to consider Mr. Johnson's official-capacity claims for damages. "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1977).

The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P.

72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law. Therefore, because Mr. Johnson has not objected to the magistrate judge's conclusion that the Court does not have subject matter jurisdiction to consider official-capacity damages claims, the Court accepts the magistrate judge's recommendation that Mr. Johnson's official-capacity damages claims against be dismissed without prejudice.

### C.  Failure to State a Claim

Magistrate Judge Hegarty further recommends dismissing with prejudice Mr. Johnson's remaining damages claims under the PLRA, Docket No. 29 at 6, which states, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e).  The magistrate judge noted that appeals courts have held that, "although a de minimis showing of physical injury does not satisfy the PLRA's physical injury requirement, an injury need not be significant to satisfy the statutory requirement."  Docket No. 29 at 8–9 (quoting *Clifton v. Eubank*, 418 F. Supp. 2d 1243, 1245–46 (D. Colo. 2006)).  "[T]he Tenth Circuit has suggested that although allegations of physical pain alone may be insufficient to overcome the PLRA bar, when paired with allegations of more tangible physical effects, they state a valid claim."  *Id.* at 9 (quoting *Clifton*, 418 F. Supp. 2d at 1246 (citation omitted)).  Hence, "[p]hysical pain, standing alone, is a *de minimis* injury that may be characterized as a mental or emotional injury and, accordingly, fails to overcome the PLRA's bar."  *Id.* (quoting

*Clifton*, 418 F. Supp. 2d at 1246).

Mr. Johnson alleges that Sergeant Reyna inflicted pain when he stepped on his "untreated right foot." Docket No. 1 at 5. He also alleges that he experienced "excruciating pain" in his "untreated fractured jaw" when he was slammed on the staircase. *Id.* The magistrate judge reasoned that the fact that Mr. Johnson's foot and jaw were "untreated" indicates that he had pre-existing injuries. Docket No. 29 at 9. The magistrate judge also determined that Mr. Johnson does not allege that he suffered any new injury or exacerbation of his prior conditions. *Id.* The magistrate judge thus concluded that, even under a liberal construction of Mr. Johnson's complaint, Mr. Johnson "only alleges pain from the incidents at issue," which is the "type of claim the PLRA prohibits." *Id.* (citing *Jones v. Cowens*, No. 09-cv-01274-MSK-MJW, 2010 WL 3239286, at *2–3 (D. Colo. Aug. 12, 2010) (finding the PLRA barred plaintiff's claims for lack of physical injury even when plaintiff had "deep red grooves" on his wrist)).

Mr. Johnson objects that the magistrate judge's conclusions are "wrong" because defendants assaulted him, causing him pain and injury to his right foot and fractured jaw. Docket No. 35 at 1. This is not a "specific" objection. *2121 E. 30th St.*, 73 F.3d at 1059–61 (a specific objection enables the district court to focus "attention on the factual and legal issues that are truly in dispute") (citing *Lockert v. Faulkner*, 843 F.2d at 1019 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.")). However, Mr. Johnson also argues that defendants' actions caused him to suffer "major depression," Docket No. 35 at 2, which he mentioned in his complaint. Docket No. 1 at 8. The magistrate judge did

not address this argument; however, the Court finds that these allegations are insufficient to overcome the PLRA's physical injury requirement.  *Cf. Hughes v. Colo. Dep't of Corrs.*, 594 F. Supp. 2d 1226, 1238–39 (D. Colo. 2009) (finding that physical manifestations of mental and emotional injuries were "insufficient to withstand the 'physical injury' requirement" of the PLRA).  "A straightforward reading of Section 1997e(e) requires that a prisoner cite a physical injury that is separate from mental and emotional injuries he may have suffered."  *Id.* at 1239; *see also Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (prisoner alleged that a disciplinary report was false, retaliatory, and resulted in his remaining in a high security facility for an additional year, which caused him to be "mentally and physically depressed" and lose 50 pounds; court held that this was insufficient to state a claim for physical injury); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (mental anguish, emotional distress, psychological harm, and insomnia do not constitute physical injury for purposes of PLRA); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (affirming *sua sponte* dismissal with prejudice despite prisoner's affidavit stating that he suffered weight loss, appetite loss, and insomnia after disclosure of his medical status because the language and purpose of Section 1997e(e) "preclude reliance on the somatic manifestations of emotional distress"); *Cooksey v. Hennessey*, 2007 WL 2790365, *1 (N.D. Cal. Sept. 20, 2007) ("Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as 'a prior showing of physical injury.'"); *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 905 (N.D. Cal. 2004) (same); *Cannon v. Burkybile*, 2000 WL 1409852, *6 (N.D. Ill. Sept. 25, 2000) (allegations of headaches, insomnia,

stress, and stomach anxiety insufficient to meet the physical injury requirement under Section 1997e(e)); *Cain v. Virginia*, 982 F. Supp. 1132, 1135 & n. 3 (E.D. Va. 1997) (depression and severe headaches caused by emotional distress were not a "physical injury" under the PLRA).  The Court therefore overrules this objection.

Mr. Johnson next argues that the PLRA does not apply to plaintiff "due to staff using force w[h]ere force was not needed[,] causing pain and injuring failing to provide safety and medical care."  Docket No. 35 at 1.  Mr. Johnson, however, provides no authority for this statement.  Rather, he relies on *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), for the proposition that the Eighth Amendment requires prison officials to provide "humane conditions of confinement," including "adequate food, clothing, shelter, recreation, medical care, and reasonable safety from serious bodily harm." Docket No. 35 at 1.  This statement from *Tafoya*, however, does not contradict the magistrate judge's conclusion, and *Tafoya* did not discuss the PLRA at all, let alone a plaintiff's burden under the PLRA's physical injury requirement.  The Court will therefore overrule the objection.

### D.  Leave to Amend

The magistrate judge recommends denying Mr. Johnson's individual-capacity claims with prejudice for his failure to state a claim.  Docket No. 29 at 10–11.  The general rule in this circuit is that, if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."  *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).  This is particularly the case where "deficiencies in a

13

complaint are attributable to oversights likely the result of an untutored *pro se* litigant's

ignorance of special pleading requirements."  *Id.*  While the magistrate judge

noted this general rule, he concluded that Mr. Johnson's claims should be dismissed

with prejudice because the deficiencies in Mr. Johnson's complaint are not because he

"is not an 'untutored' litigant."  Docket No. 29 at 10.  Rather, the magistrate judge found

that Mr. Johnson admits to being a "well educated, experienced . . . pro se litigant."  *Id.*

(citing Docket No. 19 at 1; Docket No. 28 at 1 (describing himself as "perspicacious")).

The magistrate judge also noted that Mr. Johnson has filed 40 complaints between

August 2017 and January 2020, *see* Case No. 20-cv-00037-RM-MEH, Docket No. 3 at

1, and has indicated his familiarity with how to plead Eighth Amendment claims.  *Id.*

Thus, the magistrate judge concluded that Mr. Johnson's failure to plead sufficient

supporting facts is not because he is "ignoran[t] of special pleading requirements" and

could "correct the defect" in a future complaint.  *Id.* (quoting *Reynoldson*, 907 F.2d at

126).

      Mr. Johnson objects that the magistrate judge's conclusion was "wrong," yet

states that he "has no need to amend."  Docket No. 35 at 2.  Mr. Johnson further states

that he filed a supplemental complaint adding "all the incidents that have occurred after

this suit was filed."  *Id.*[4]  As the Court has already explained, a statement that the

magistrate judge was "wrong" is not a specific objection.  *See 2121 E. 30th St.*, 73 F.3d

at 1059.  Moreover, Mr. Johnson's indication that he does not need to amend his

---

[4] Mr. Johnson appears to be referring to his motion for leave to amend.  Docket
No. 31.  He did not, however, respond to the magistrate judge's recommendation that
this motion be denied, Docket No. 48, and the Court accepted the recommendation.
Docket No. 52.

complaint supports the magistrate judge's recommendation that amendment would be futile.  The Court has finds "no clear error on the face of the record," Fed. R. Civ. P. 72(b), Advisory Committee Notes, and concludes that this portion of the recommendation is a correct application of the facts and the law.

## IV.  CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 29] is **ACCEPTED**.  It is further

**ORDERED** that CDOC Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) & 12(b)(6) [Docket No. 25] is **GRANTED**.

**ORDERED** that the plaintiff's official-capacity claims for damages are **DISMISSED without prejudice**. It is further

**ORDERED** that the plaintiff's individual-capacity claims are **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.


DATED September 22, 2021.

BY THE COURT:


PHILIP A. BRIMMER
Chief United States District Judge