IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00459-PAB-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

REYNA, and
KORIN,

    Defendants.

---

# ORDER

---

This matter before the Court is plaintiff's Motion Requesting Reconsideration of Dismissal [Docket No. 346].[1] Defendants take no position regarding Mr. Johnson's motion. Docket No. 356 at 3, ¶ 12.

## I. BACKGROUND

On October 27, 2023, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(B). Docket No. 268. On January 26, 2024, Magistrate Judge Michael E. Hegarty issued a recommendation that defendants' motion be granted. Docket No. 306. The Court granted Mr. Johnson two extensions of time to file objections to the magistrate judge's recommendation and Mr. Johnson's objections were due no later than April 26, 2024. Docket Nos. 317, 328. The Court did not receive Mr. Johnson's objections on or before April 26, 2024. Docket No. 342 at 1. On May 10, 2024, the

---

[1] Because the Court is granting the motion to reconsider, it need not consider Mr. Johnson's supplement to his motion. Docket No. 353.

Court accepted the magistrate judge's recommendation that defendants' motion to dismiss be granted with prejudice. *Id*. at 2. The case was dismissed, but judgment did not enter. *Id*. On May 13, 2024, Mr. Johnson's response to the Recommendation was docketed. Docket No. 343. On May 28, 2024, Mr. Johnson filed a motion for reconsideration requesting that the Court reinstate the case and consider his objections to the magistrate judge's recommendation, which he argues were timely under the prison mailbox rule. Docket No. 346 at 1. Mr. Johnson is incarcerated at Colorado Territorial Correctional Facility.[2] Colorado Department of Corrections, Offender Search, https://www.doc.state.co.us/oss/.

## II. LEGAL STANDARD

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Motions for reconsideration are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (citing *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991)).

## III. ANALYSIS

Mr. Johnson's motion for reconsideration argues that his objections to the magistrate judge's recommendation were timely because "the evidence proves that

---

[2] Mr. Johnson was incarcerated at Colorado State Penitentiary at the time of filing his objections. Docket No. 1 at 2; Docket No. 343 at 89–90. On July 22, 2024, Mr. Johnson informed the Court that he was relocated to Colorado Territorial Correctional Facility. Docket No. 354 at 1.

plaintiff sent out mail on 4/22/24." Docket No. 346 at 2. The envelope in which Mr. Johnson mailed his objections to the Court was filed and is evidence as to whether Mr. Johnson complied with the prison mailbox rule. Docket No. 343 at 89–90. Mr. Johnson also alleges that he gave his objections to "mailroom Sgt. Taylor" on April 22, 2024. Docket No. 346 at 1, 5. Defendants' response to the motion for reconsideration states that "it appears that [the objections were] indeed placed in the facility mail on April 22, 2024, before the Court's deadline." Docket No. 356 at 2, ¶ 10.

The prison mailbox rule was first articulated in *Houston v. Lack*, 487 U.S. 266, 276 (1988), and states that a notice of appeal is considered timely if given to prison officials before the filing deadline, regardless of when the Court receives the document. *Id*.; *Price v. Philpot*, 420 F.3d 1158, 1164–67 (10th Cir. 2005). Federal Rule of Appellate Procedure 4(c)(1) extends the prison mailbox rule to notices of appeal filed in "either a civil or criminal case." *Price*, 420 F.3d at 1164 (quoting Fed. R. App. P. 4(c)(1)). Further, "[t]he Tenth Circuit has long applied the prison mailbox rule in contexts beyond the filing of a notice of appeal." *Burnette v. Rhodes*, No. 15-cv-02478-LTB, 2016 WL 345493, at *2 (D. Colo. Jan. 28, 2016) (citing *Price*, 420 F.3d at 1164). "To gain the benefit of the prison mailbox rule, a party must either (1) use the legal mail system or (2) attach a notarized statement or a declaration compliant with 28 U.S.C. § 1746 stating the date the filing was given to prison officials and stating that the filing had pre-paid, first-class postage." *Session v. Carson*, No. 18-cv-00239-PAB-KLM, 2022 WL 2763462, at *2 (D. Colo. July 15, 2022) (citing *Price*, 420 F.3d at 1166). Federal Rule of Appellate Procedure 4(c)(1) states, in part:

> If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files

3

a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

(A) it is accompanied by:

    (i) a declaration in compliance with 28 U.S.C. § 1746 – or a notarized statement – setting out the date of deposit and stating that first-class postage is being prepaid; or

    (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid.

Thus, Mr. Johnson can fit within the prison mailbox rule if he deposited the envelope containing his objections in his institution's internal mail system on or before the last day for filing and there is evidence, such as a postmark or date stamp, showing that it was deposited on or before that time and that postage was prepaid. First, there is evidence that Mr. Johnson used the prison mail system. The envelope, Docket No. 343 at 90, that he mailed his objections in has a Colorado Department of Corrections header. Moreover, the envelope indicates that it was received by "CSP [Colorado State Penitentiary]" through a CSP staff member with the last name "Davis" and has "legal mail" written on it. *Id*. at 89–90. Second, there is evidence that Mr. Johnson placed his objections in the mail system on or before the deadline of April 26. The envelope bears a hand-written notation indicating that the "Date Received" is "4/22/24." *Id*. at 89; *see also Session*, 2022 WL 2763462, at *3 (relying on the fact that an inmate's envelope was "marked as being received by Colorado Territorial Correctional Facility . . . on January 4, 2021" to determine whether the inmate received the benefit of the prison mailbox rule); *Brenda Anderson Charity v. Cnty. of El Paso*, No. 16-cv-00921-NYW, 2017 WL 1435852, at *4 (D. Colo. Apr. 21, 2017) ("the envelope attached to Ms. Charity's initial complaint indicates that [Denver Women's Correctional Facility's]

4

internal mail system received Ms. Charity's initial complaint on April 21, 2016 . . . thereby satisfying the 'prison mailbox rule'"); *Gess v. USMS & 10th Cir. Dist. Ct.*, No. 20-cv-01790-PAB-STV, 2021 WL 423436, at *1 n.1 (D. Colo. Feb. 5, 2021) (finding that the plaintiff satisfied the prison mailbox rule as evidenced by "legal mail" and "12-22-20" being "written on the envelope").  Finally, the copy of the envelope shows that postage stamps were affixed to it and that the United States Postal Service placed cancellation stamps over the stamps, indicating that postage was prepaid.  Docket No. 343 at 90.

The evidence shows that Mr. Johnson's objections were deposited in the prison mail system before the filing deadline and that postage was prepaid.  Thus, his objections satisfy the prison mailbox rule.

Because Mr. Johnson's objections satisfy the prison mailbox rule, his objections are deemed to have been received on April 22, 2024 and are timely.  The Court will grant the motion to reconsider and vacate the Court's order accepting the magistrate's recommendation.

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that the Motion Requesting Reconsideration of Dismissal [Docket No. 346] is **GRANTED**.  It is further

**ORDERED** that the Order Accepting Magistrate Judge's Recommendation [Docket No. 342] is **VACATED**.  It is further

**ORDERED** that Motion Requesting Status Notifying The Court of Address Change Along With Request to File Notice of Appeal [Docket No. 354] is denied as moot.  It is further

5

**ORDERED** that defendants will have until **October 30, 2024** to respond to Mr. Johnson's objections to the magistrate judge's recommendation.

DATED October 16, 2024

BY THE COURT:

Philip A. Brimmer
Chief United States District Judge