IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00459-PAB-CYC

JABARI J. JOHNSON,

    Plaintiff,

v.

REYNA, and
KORIN,

    Defendants.

## ORDER

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 306]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The assigned magistrate judge recommended that plaintiff Jabari J. Johnson's claims against defendants Reyna and Korin, officers of the Colorado Department of Corrections, be dismissed due to Mr. Johnson's failure to attend his deposition. Docket No. 306 at 11. Mr. Johnson timely objected to the recommendation, Docket No. 343, and defendants filed a response to the objection. Docket No. 359.

### I. BACKGROUND

The allegations in Mr. Johnson's Section 1983 excessive force complaint are discussed in detail in *Johnson v. Reyna*, 57 F.4th 769, 772-73 (10th Cir. 2023). The facts relevant to this motion are set forth in the magistrate judge's recommendation, Docket No. 306 at 1-7, and the Court adopts them for the purposes of ruling on the

objections.  To the extent that Mr. Johnson disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

At a June 12, 2023 status conference, the magistrate judge orally granted defendants' request to depose Mr. Johnson.  Docket No. 198.  At a July 25, 2023 status conference, the magistrate judge discussed remaining discovery issues and ordered that Mr. Johnson's deposition should take place during either the week of September 18, 2023 or the week of September 25, 2023.  Docket No. 216 at 1.  On August 28, 2023, Mr. Johnson requested a continuance of his deposition so that he could review discovery materials.  Docket No. 244 at 1.  The magistrate judge granted that request and ordered that the deposition take place between October 9 and October 20, 2023.  Docket No. 251.  On September 8, 2023, Mr. Johnson again moved for a continuance so that he could review discovery materials, Docket No. 255 at 1, but the magistrate judge denied the motion as moot since the deposition had already been moved to mid-October.  Docket No. 259.

On September 11, 2023, Mr. Johnson again asked for a continuance, this time asserting that he needed to obtain legal books in order to prepare for his deposition.  Docket No. 261 at 1.  The magistrate judge denied the motion, explaining that "Plaintiff does not need to do any legal research prior to his deposition, he simply needs to tell the truth to the questions presented."  Docket No. 263.  The magistrate judge also told Mr. Johnson that, "[i]f, immediately prior to his deposition, Plaintiff believes he has been materially prevented from preparing for his deposition, he may seek relief."  *Id.*  Defendants set Mr. Johnson's deposition for October 18, 2023 at 9:00 a.m. at the

2

Colorado State Penitentiary ("CSP"), the prison in which Mr. Johnson was incarcerated at the time. Docket No. 268-1 at 1.

Mr. Johnson did not file any motion claiming that he had been materially prevented from preparing for his deposition, but nevertheless refused to attend his deposition. Docket No. 268-2 at 3. In a document mailed to the Court that day, Mr. Johnson acknowledged that he did not attend the deposition. Docket No. 264 at 1. He blamed his absence on the refusal of the Colorado Department of Corrections ("CDOC") to provide him with a wheelchair. *Id.* Defense counsel asserts that he spent considerable time preparing for the deposition, traveled 111 miles one-way to CSP to depose Mr. Johnson, and paid $437.66 for a videographer and $374.45 for a court reporter to record the deposition. Docket No. 268 at 5; Docket No. 268-3; Docket No. 268-4.

The issue of whether Mr. Johnson is entitled to a wheelchair is not a new issue in this case. Mr. Johnson previously requested a wheelchair in order to attend a scheduling conference. Docket No. 120 at 1. The magistrate judge concluded that Mr. Johnson did not have a medical need for a wheelchair and denied Mr. Johnson's request for one. Docket No. 133. Mr. Johnson later renewed his request, submitting additional "evidence." Docket No. 144; Docket No. 144-1; Docket No. 144-2. The magistrate judge denied Mr. Johnson's renewed motion, holding that some of the supplemental evidence did not appear to be authentic and that Mr. Johnson had not met his burden to show that the original order was erroneous. Docket No. 146.

3

Mr. Johnson later participated in an April 12, 2023 status conference.[1]  Docket No. 162.  Afterwards, Mr. Johnson asserted that the magistrate judge was going to order CDOC to provide him with a wheelchair.  Docket No. 182 at 1.  The magistrate judge then issued an order explaining that he had not in fact agreed to order a wheelchair for Mr. Johnson.  Docket No. 184.  Mr. Johnson also attended a July 25, 2023 status conference.  Docket No. 216.  When discussing his upcoming deposition, Mr. Johnson did not raise the subject of a wheelchair.[2]

Defendants filed the present motion to dismiss on October 27, 2023, asking that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to Mr. Johnson's failure to attend his deposition.  Docket No. 268.  The magistrate judge granted Mr. Johnson's motion for an extension of time, Docket No. 273, and Mr. Johnson filed a response on December 7, 2023.  Docket No. 284.  Defendants filed a reply on December 21, 2023.  Docket No. 289.

On January 5, 2024, Mr. Johnson filed a motion asking the Court to schedule his deposition on a date between January 29 and February 5, 2024.  Docket No. 293 at 1.  Mr. Johnson claimed that he had been provided a transport chair to attend a state court

---

[1] The Court has listened to the audio recording of the status conference.  As the Court understands the recording, Mr. Johnson raised the issue of his need for a wheelchair.  The magistrate judge noted that an attorney was about to enter an appearance on Mr. Johnson's behalf and said that, if the attorney were to inform the judge that Mr. Johnson needed a wheelchair, the judge would then conduct fact finding and address the issue.  Mr. Johnson did not seem to object to this proposed course of action.

[2] The Court listened to the audio recording of the status conference to confirm this.

criminal proceeding and that this meant that he should be provided a wheelchair for the deposition in the present case. *Id.* The magistrate judge noted his previous finding that Mr. Johnson is not entitled to a wheelchair. Docket No. 297. Nevertheless, the judge ordered defendants to file a status report with the Court, supported by an affidavit, as to whether CDOC had changed its position regarding Mr. Johnson's need for a wheelchair. Docket No. 297. The judge's order also noted that, if Mr. Johnson was indeed newly entitled to a wheelchair, Mr. Johnson had the Court's permission to refile his motion for a new deposition date. *Id.*

Defendants submitted a status report along with two affidavits explaining that CDOC had not changed its position, but that a state court judge had ordered CDOC to provide a wheelchair for the state hearing since Mr. Johnson was otherwise refusing to attend. Docket No. 299 at 1, ¶¶ 1-3. The first affidavit, from a CSP health services administrator, confirmed that CDOC had not approved Mr. Johnson for a wheelchair and that:

> CDOC has made many attempts to diagnose and treat the foot problems that Mr. Johnson alleges require[] him to use a wheelchair. On the few occasions when Mr. Johnson has not actively obstructed those efforts, they have not revealed any medical basis for Mr. Johnson's request to use a wheel chair. . . . I am aware, both through Mr. Johnson's medical records and other CDOC records that were made available to me, that evidence gathered by CDOC confirms that Mr. Johnson is very capable of standing, walking and moving around when he decides that he wants to do so. . . . I have reviewed an updated Psychological Evaluation of Mr. Johnson completed in November of 2022. . . [which] finds: "Mr. Johnson appears to be intentionally fabricating or grossly exaggerating physical symptoms in regard to his foot injury and mobility. "

Docket No. 299-2 at 2, 5, ¶¶ 6, 21, 24. The second affidavit, from CSP's litigation coordinator, stated, among other things, that CSP had a video showing Mr. Johnson

5

"traversing his cell to retrieve his mail" on November 14, 2023, just weeks after his deposition was to have taken place.  Docket No. 299-8 at 2, ¶ 8 (referencing Docket No. 299-10).

In addition to Mr. Johnson's refusal to attend his deposition, the record also reflects that Mr. Johnson has periodically refused to accept Court mail.  *See, e.g.*, Docket Nos. 83, 113, 115, 129, 130, 131.  Mr. Johnson has sought to recuse Judge Hegarty and the undersigned based on the conclusory and unsubstantiated allegations that they "conspired with the Colorado Attorney General and the CDOC staff members to attempt to kill [him] using inmates"; "engag[ed] in criminal activity assisting CDOC in trying to harm and kill [him]"; and "fail[ed] to rule fairly."  Docket No. 225 at 1.

The magistrate judge issued his recommendation on January 26, 2024.  Docket No. 306.  On February 12, 2024, the Court granted Mr. Johnson an extension of time to file an objection to the recommendation.  Docket No. 317.  The Court granted Mr. Johnson a second extension on February 28, 2024.  Docket No. 328.  Not having received an objection, the Court entered an order accepting the magistrate judge's recommendation on May 10, 2024.  Docket No. 342.  After the Court issued its order, the clerk of court received Mr. Johnson's objection to the magistrate judge's order.  Docket No. 343.  In a subsequent motion for reconsideration, Mr. Johnson claimed that his objection was timely.  Docket No. 346 at 1-2.  Defendants did not dispute that Mr. Johnson's objection was timely.  Docket No. 356 at 2-3.  The Court granted Mr. Johnson's request and vacated its prior order.  Docket No. 358.  Defendants responded

6

to the objection, Docket No. 359, and the matter is now fully briefed for the Court's review.

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge's Recommendation

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than de novo review. Fed. R. Civ. P. 72(b). Because Mr. Johnson is proceeding pro se, the Court will construe his objections and pleadings liberally

7

without serving as his advocate.  See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Motion to Dismiss under Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), a court should consider five factors before dismissing claims under Rule 41(b).  These factors are:

1. the degree of actual prejudice to the defendant,
2. the amount of interference with the judicial process,
3. the culpability of the litigant,
4. whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and
5. the efficacy of lesser sanctions.

*Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (internal quotations omitted) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

### III. ANALYSIS

The Court construes Mr. Johnson's objection as raising five objections.  Docket No. 343 at 1-18.

### A. Objection One

Mr. Johnson's first objection is an effort to relitigate the issue of whether he was entitled to a wheelchair for his deposition.  Indeed, the vast majority of Mr. Johnson's

filing is spent addressing this issue, with the other objections interspersed throughout the document.  *See generally id.*  Initially, Mr. Johnson asserts that he has documents showing that he is medically entitled to a wheelchair.  *Id.* at 2.  The Court finds that while some of the documents show that Mr. Johnson may have been given a wheelchair several years ago, *id.* at 23-24, 36, 37, Mr. Johnson did not, at the time of the deposition, have a need for a wheelchair.  Defendants provided extensive documentation to support their assertion that Mr. Johnson was not entitled to a wheelchair.  Docket Nos. 127-1, 127-2, 127-3, 299-2, 299-8.  Having reviewed that documentation, the Court shares the magistrate judge's view that the exhibit at Docket No. 284 at 11,[3] which Mr. Johnson claims shows his indefinite right to a wheelchair, is likely fraudulent.

Next, Mr. Johnson recites language from the Tenth Circuit's opinion in *Johnson*, 57 F.4th at 772, apparently arguing that the Tenth Circuit found that he suffered an injury to his foot and thus that he is entitled to a wheelchair.  Docket No. 343 at 15-16.  This argument suffers from two problems.  First, when the court of appeals reviews a motion to dismiss, "all well-pleaded factual allegations in the. . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party."  *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) (citations omitted).  When the Tenth Circuit mentioned the foot injury Mr. Johnson suffered, it was merely reciting that allegation for the purposes of deciding the appeal, not making a finding that Mr.

---

[3] Mr. Johnson also submitted this document at Docket No. 144-2 at 8 and Docket No. 343 at 51.

Johnson did suffer a foot injury.  Second, even if Mr. Johnson did suffer a foot injury as he alleged, the injury occurred in 2018, *Johnson*, 57 F.4th at 772, and there is no evidence that the same injury prevented him from walking to his deposition in October 2023.

Finally, Mr. Johnson disputes the magistrate judge's finding that the November 14, 2023 video shows Mr. Johnson walking across his cell.  Docket No. 343 at 6.  Mr. Johnson argues that "[t]he video shows plaintiff scooting on the floor to retrieve his mail."  *Id.*  The Court has reviewed the video and finds that it shows Mr. Johnson moving across the cell – albeit with a somewhat atypical gait – under the power of his own legs.  *See* Docket No. 299-10.  The Court finds that Mr. Johnson has not shown he was entitled to a wheelchair at the time of his deposition and overrules the first objection.

### B. Objection Two

Mr. Johnson's second objection appears to take issue with the magistrate judge's refusal to continue the deposition date so that Mr. Johnson could consult legal materials.  Docket No. 343 at 1.  While the magistrate judge did mention this subject in the "Facts" section of the recommendation, Docket No. 306 at 2, this reference is meant to recount the procedural background of the case and is not directly relevant to the issue of whether Mr. Johnson's complaint should be dismissed for failure to attend his deposition.  The Court finds this objection to be improper because it does not "focus attention on those issues – factual and legal – that are at the heart of the parties'

10

dispute." *One Parcel*, 73 F.3d at 1059. As a result, the Court overrules the second objection.

### C. Objection Three

Mr. Johnson's third objection appears to presuppose the existence of either a deliberate indifference claim under the Eighth Amendment, Docket No. 343 at 10, or a discrimination claim under the Americans with Disabilities Act. *Id.* at 14-15. The question before the Court is whether Mr. Johnson's claim should be dismissed based on his failure to attend his deposition. Even looking more broadly, the underlying dispute in this case is about an excessive force claim. While Mr. Johnson has repeatedly sought leave to amend his complaint to add various claims, including deliberate indifference and ADA claims, *see* Docket Nos. 31, 97, 108, 139, 274, the Court has denied his requests. *See* Docket Nos. 52, 118, 141, 288. Nor can Mr. Johnson amend his complaint through an objection to the magistrate judge's recommendation. *See Nagim v. Walker*, No. 10-cv-02973-WYD-KLM, 2011 WL 1743431, at *2 (D. Colo. May 6, 2011) ("[N]ew claims or allegations can only be added through the filing of a motion to amend the complaint which must be granted by the Court."). Since Mr. Johnson does not have deliberate indifference and disability discrimination claims in this case, the Court overrules this objection.

### D. Objection Four

Mr. Johnson's fourth objection is to the magistrate judge's characterization of Mr. Johnson's conspiracy allegations. Docket No. 343 at 12-14. The objection describes the assigned magistrate judge as demonstrating "bias and prejudice" toward Mr.

11

Johnson and states that "[p]laintiff should have won a civil case years ago, but this court isn't allowing it." *Id.* at 12. Mr. Johnson also states that "both judges sincerly [sic] only lie." *Id.* at 13. Mr. Johnson's concerns about the fairness and impartiality of the assigned magistrate judge and the undersigned appear to build on his prior allegations that "both of these incompetent Judges [sic] are engaging in criminal activity assisting CDOC in trying to harm and kill me using inmates." Docket No. 225 at 1.

The recommendation describes these allegations as "conclusory and unsubstantiated." Docket No. 306 at 7. The Court agrees. Mr. Johnson offers no evidence of any conspiracy against Mr. Johnson. The Court overrules this objection.

### E. Objection Five

Mr. Johnson's fifth objection relates to the magistrate judge's finding that "[Mr. Johnson] has periodically refused to accept Court mail." Docket No. 343 at 6 (objecting to the recommendation at Docket No. 306 at 7). Mr. Johnson states that "[t]he Plaintiff never refused any legal mail, in fact this court and CDOC staff refused to provide me the mail attempting to dismiss my case. Every case filed the plaintiff is trying to win, why would plaintiff not respond." Docket No. 343 at 6. Mr. Johnson also argues that the magistrate judge ignored other filings and that Mr. Johnson has testimony from another inmate supporting the assertion that CDOC has, at times, denied legal mail to Mr. Johnson. *Id.*

The Court has reviewed the docket entries cited by the magistrate judge, Docket Nos. 83, 113, 115, 129, 130, 131, as well as the materials cited by Mr. Johnson, Docket No. 343 at 6 (citing Docket Nos. 143, 143-1), and agrees with the magistrate judge's

12

finding that Mr. Johnson has periodically refused to accept Court mail.  The Court overrules this objection.

### F. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

### IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 306] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff's Motion Responding to ECF Document 306 [Docket No. 343] is **OVERRULED**.  It is further

**ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's Refusal to Attend his Deposition [Docket No. 268] is **GRANTED**.  It is further

**ORDERED** that Mr. Johnson's claims are **DISMISSED** with prejudice.  It is further

13

**ORDERED** that this case is closed.

DATED February 3, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

14