IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00459-PAB-CYC

JABARI J. JOHNSON,

    Plaintiff,

v.

REYNA, and
KORIN,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff Jabari Johnson's Motion Requesting Reconsideration under the Rule of New Evidence [Docket No. 373] and Motion Requesting a 30 Day Extension of Time to File a Motion for Reconsideration [Docket No. 372][1].  Mr. Johnson asks the Court to reconsider its February 3, 2025 order dismissing his claims with prejudice.  *See* Docket No. 373 at 11.  Defendants filed a response to the motion for reconsideration.  Docket No. 378.  Mr. Johnson did not file a reply.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND

The allegations in Mr. Johnson's Section 1983 excessive force complaint are discussed in detail in *Johnson v. Reyna*, 57 F.4th 769, 772-73 (10th Cir. 2023).  On

---

[1] The Court finds that Mr. Johnson's motion for reconsideration was timely filed, making the request for an extension of time moot.  The Court will therefore deny the motion for an extension of time as moot.

February 3, 2025, the Court accepted the magistrate judge's recommendation that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.  See Docket No. 370.  The primary issue that led to Mr. Johnson's case being dismissed was Mr. Johnson's failure to attend his own deposition.  *Id.* at 3-6.  In both his response to the motion to dismiss and his objection to the magistrate judge's recommendation, Mr. Johnson argued that he was entitled to a wheelchair at the time of the deposition and that his failure to attend his deposition was due to the Colorado Department of Corrections ("CDOC") wrongfully denying him a wheelchair.  *See generally* Docket Nos. 284, 343.  The Court's order issued on February 3, 2025 discusses these arguments and the related facts in greater detail.  *See* Docket No. 370 at 1-6.

Mr. Johnson's motion for reconsideration asserts that there is new evidence that the Court has not previously considered.  Docket No. 373 at 1, 5-6, 8, 11.  Mr. Johnson's motion also renews several arguments that he has made repeatedly in prior filings, including arguments that various documents show his entitlement to a wheelchair at the time of the deposition, that there is no video evidence of his ability to walk, and that both the previously assigned magistrate judge and the undersigned are biased against him.  *Id.* at 1-11.

## II.  LEGAL STANDARD

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Motions for reconsideration are "not appropriate to revisit

issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

### III. ANALYSIS

The Court understands Mr. Johnson's motion to raise five arguments. The first three of these arguments are ones that Mr. Johnson has previously raised and that the Court has previously addressed. First, Mr. Johnson argues that the previously assigned magistrate judge and the undersigned are biased against him. Docket No. 373 at 1-2. Second, Mr. Johnson argues that the video evidence in this case does not support the finding that he is able to walk. *Id.* at 2-3. Third, Mr. Johnson argues that various previously submitted exhibits show that he was entitled to a wheelchair at the time of his October 2023 deposition. *Id.* at 4-5. The Court addressed these same arguments in its previous order and found them to be without merit. *See* Docket No. 370 at 8-12. Mr. Johnson's motion for reconsideration does not identify any intervening change in the controlling law, new evidence, or a clear error or manifest injustice related to these arguments, *see Servants of the Paraclete*, 204 F.3d at 1012, so the Court rejects Mr. Johnson's request to reconsider these parts of the order.

Mr. Johnson's fourth argument relates to his belief that the Court's order dismissing his case relied on a psychological evaluation of Mr. Johnson. Docket No. 373 at 5. The Court's order did not, however, rely on any psychological evaluation of Mr. Johnson. Mr. Johnson appears to have misread a portion of the Court's order that included an excerpt of an affidavit from a CDOC employee. *See* Docket No. 370 at 5. In that excerpt, the CDOC employee noted that the employee had reviewed a psychological evaluation of Mr. Johnson. *Id.* The relevance of the excerpt was to show that CDOC had not approved Mr. Johnson for a wheelchair at the time of the deposition.

3

Moreover, this excerpt from the CDOC employee appeared in the magistrate judge's recommendation, Docket No. 306 at 6, and Mr. Johnson failed to object to that portion of the recommendation. As a motion for reconsideration is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing," *Servants of the Paraclete*, 204 F.3d at 1012, the Court rejects this argument.

Mr. Johnson's fifth argument is that he has new evidence showing his entitlement to a wheelchair. Docket No. 373 at 5-6, 8. Mr. Johnson's new evidence consists of three exhibits attached to his motion. *See* Docket No. 373-1 at 10, 12-14. At least two of these documents indicate that Mr. Johnson has been assigned a wheelchair, *see id.* at 10, 14, and a third is a statement written by Mr. Johnson asserting his right to a wheelchair. *Id.* at 12. But each of these documents appears to have been created in 2024, which is after the October 18, 2023 deposition that Mr. Johnson failed to attend. Mr. Johnson does not explain how these documents show that his entitlement to a wheelchair existed at the time of his scheduled deposition in October 2023. The Court therefore finds that, even if these documents constitute new evidence that was previously unavailable, the documents do not provide a reason for the Court to reconsider its prior order. The Court will therefore deny Mr. Johnson's motion for reconsideration.

## IV. CONCLUSION

It is therefore

**ORDERED** that the Motion Requesting Reconsideration under the Rule of New Evidence [Docket No. 373] is **DENIED**. It is further

4

**ORDERED** that the Motion Requesting a 30 Day Extension of Time to File a Motion for Reconsideration [Docket No. 372] is **DENIED as moot**.

DATED May 8, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge